JAMES BROWN, Respondent, *v.* THE HARTFORD FIRE INSURANCE COMPANY, Appellant.

*Insurance policy — proofs of loss — when held to be sufficient.*

In an action, brought on a fire insurance policy issued by the defendant, the defendant alleged in its answer, as a defense, that the plaintiff had neglected and refused to furnish the defendant with a certificate under the seal of a magistrate, notary public or commissioner of deeds nearest the place of the fire, and not concerned in the loss or related to the assured, as required by the provisions of the policy.

It appeared on the trial that the plaintiff made and delivered to the defendant an account of his loss, in which he claimed that the amount of such loss was $2,200, and with this account he produced to the defendant the certificate of the nearest magistrate to the effect that he was not concerned in the loss or related to the insured; that he was acquainted with the character and circumstances of the assured; and having made diligent inquiry into the fact set forth in the foregoing instrument, he believed and was satisfied that the said assured had, without fraud, by reason of the fire therein described, sustained loss on the property insured to the amount of $     , the sum stated in his affidavit of loss. These proofs of loss were retained by the defendant, the only specific objection made to them being that they did not contain a particular account of the loss.

Subsequently the plaintiff furnished an additional account of loss which contained a detailed statement of the property destroyed, and in which he also claimed that the amount of his loss was $2,200; and with that account another certificate by the same magistrate, by which he certified that he had examined the circumstances attending the fire or damage alleged, and that he was well acquainted with the character and circumstances of the assured, and verily believed that he had by misfortune, without fraud or evil practiced on his part, sustained loss and damage on the property in an amount unknown to the magistrate.

*Held,* that the first certificate of the magistrate was a substantial compliance with the requirements of the policy, and that the production of the second certificate, if defective, did not render the first unavailing.

That as the defendant retained the account of loss and certificate first delivered, and required an additional and more particular account of loss, which was furnished, that both of the accounts of loss and both of the certificates furnished should be taken together and be regarded as constituting the proof of loss furnished by the plaintiff, and that the second proof of loss furnished did not in any manner supersede or nullify the first.

APPEAL by the defendant from a judgment recovered upon the trial of the action at the Oneida County Circuit, which was entered in the office of the clerk of Oneida county on the 10th day of May, 1887, and from an order of the Oneida Special Term denying a motion for a new trial, made upon a case and exceptions, and based solely on the exceptions taken on the trial, which was entered in the said clerk's office on December 19, 1888.

The action was on a fire insurance policy issued by the defendant to the plaintiff on a stock of hardware contained in a brick building situated at North Bay, Oneida county, N. Y. The amount for which such policy was issued was $1,500. The property insured was totally destroyed by fire November 22, 1884.

Among other matters set up as a defense to this action, the defendant, by its answer, alleged that the plaintiff neglected and refused to furnish the defendant with a certificate, under the seal of the magistrate, notary public or commissioner of deeds nearest the place of the fire and not concerned in the loss or related to the assured, as required by the provisions of such policy. The policy contained the following provision: " In case of loss the assured shall give immediate notice thereof and render to the company a particular account of said loss, under oath, stating the time, origin and circumstances of the fire; the occupancy of the building insured or containing the property insured; other insurance, if any, and copies of the written portion of all policies; the whole value and ownership of the property and the amount of loss or damage, and shall produce the certificate under the seal of a magistrate, notary public or commissioner of deeds, nearest the place of the fire and not concerned in the loss or related to the assured, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property insured to the amount claimed by said assured." After the fire, and on or about December 13, 1884, the plaintiff prepared and delivered to the defendant an account of his loss, and also produced to the defendant a certificate under the seal of the nearest magistrate, which was as follows:

"STATE OF NEW YORK,⎫ *ss. :*
   COUNTY OF ONEIDA,   ⎬

" I, James Rae, a justice of the⁹ peace, in and for said county, residing most contiguous to the property of James Brown, insured, as set forth in the preceding affidavit, certify that I am not concerned in that loss or claim, either as a creditor or otherwise, or related to the insured or sufferers, and that I am acquainted with the character and circumstances of said James Brown, and having made diligent inquiry into the facts set forth in the foregoing statement, believe and am satisfied that the said assured has, without fraud, sustained by said described fire, loss on the property insured to the amount of      dollars, the sum stated in his affidavit of loss.

" In witness whereof, I have hereunto set my hand and official seal this 13th day of December, A. D. 1884.

" JAMES RAE,    [L. S.] .
" *Justice of the Peace.*"

After the receipt of such account and certificate by the defendant, its duly authorized agent wrote and sent to the plaintiff a letter, which was received by him, and which was as follows:

" GLENS FALLS, *January* 3, 1885.

" JAMES BROWN, *North Bay, N. Y. :*

" DEAR SIR.— I have received certain papers signed by you, which purport to be proofs of loss by fire to property named in policy No. 902, of Hartford Fire Ins. Co., Camden, N. Y., agency. You will please take notice that the so-called proofs of loss are not in conformity with, and do not fulfill the terms and conditions of the policy. Among other defects, they do not contain a particular account of said (alleged) loss. (See line 26 of printed conditions of policy.) You will also please take notice that this Co. has not waived, and does not waive, any exceptions or objections to said papers or alleged proofs of loss, nor any defense to any claim made or to be made by reason of said policy, fire and alleged loss.

" Resp'lly,   .
" A. NEWTON LOCKE,
"*G. A.*"

On the 15th day of January, 1885, such agent sent plaintiff another letter as follows:

"SYRACUSE, N. Y., *January* 15, 1885.
" JAMES BROWN :

"DEAR SIR.—Yours of 7th inst. has been received. In reply thereto you will please take notice that the Hartford Fire Ins Co. objects to your so-called proofs of loss, because it does not contain a particular account of the loss. That is precisely as I explained to you in person when we met at No. Bay, and as I wrote you 3d Jan. inst. It is not sufficient to say the value was $2,200. Your contract with the Co. requires you to furnish a 'particular account.' You must prepare a schedule of the goods alleged to have been burned. You will take notice that the Hartford Fire Ins. Co. does not, and will not, waive any exceptions or objections to said papers or alleged proof of loss, nor any defense to any claim made or to be made by reason of said policy, fire and alleged loss.

" Respectfully,

"A. NEWTON LOCKE,

"*G. A.*"

After the receipt of these letters from the defendant's agent, the plaintiff prepared and delivered to the defendant a further account of loss, which contained a particular or detailed account of the plaintiff's loss, and accompanying which was another certificate by said magistrate, as follows :

"STATE OF NEW YORK, ⎱
　COUNTY OF ONEIDA, 　⎰ *ss. :*

" I, James Rae, residing in North Bay, most contiguous to the property hereinbefore described, hereby certify that I am not concerned in the loss or claim above set forth, either as a creditor or otherwise, or related to the insured or sufferers ; that I have examined the circumstances attending the fire, or damage as alleged, and that I am well acquainted with the character and circumstances of the assured, and do verily believe that he has by misfortune and without fraud or evil practice on his part, sustained loss and damage on the property insured, amount unknown to me.

" In testimony whereof, I have hereunto set my hand and [L. S.] official seal, this 31st day of January, A. D. 1885.

"JAMES RAE,

" *Justice of the Peace.*"

After the defendant had received such additional account and certificate, the defendant's agent again wrote the plaintiff the following letter:

"NEW YORK, *Feb'y* 17, 1885.

"JA's BROWN:

"DEAR SIR. — We received, without letter of explanation, a statement purporting to be proof of loss on 22d November, 1884, to property named in policy No. 902, issued to you by Camden agency. Please take notice that it is not, in form or substance, a compliance with the requirement of said policy, and the same is hereby rejected as proofs of loss, and you are required to furnish full proof in due form and in strict compliance with all the terms, conditions and provisions of the policy. There is no particular account of amount of loss signed and sworn to by you, and the so-called proof of loss does not bear the certificate of nearest official to the amount of loss. You will take notice that the company has not waived or dispensed with any of the terms, conditions, stipulations or provisions of said policy, and reserves any and all objections to any and all claims made or to be made upon it by reason of said alleged loss under policy.

"A. N. L.,

" G. A."

No other account of loss or certificate of magistrate were furnished by the plaintiff. On the trial the question of the sufficiency of such certificates was raised by objection to its admission in evidence, and also by motion for a nonsuit based on that ground.

*I. D. Garfield*, for the appellant.

*D. T. Searle*, for the respondent.

MARTIN, J.:

But a single question is presented for our consideration on this appeal. The only claim made by the appellant is, that the plaintiff failed to produce a proper certificate of the magistrate, notary public or commissioner of deeds nearest the place of the fire, as required by the policy upon which this action is brought; that the production of such a certificate was a condition precedent to the plaintiff's right of recovery, and that the trial court erred in not so holding and in refusing to nonsuit the plaintiff upon that ground.

That the production of such a certificate was a condition precedent to the plaintiff's right of recovery we have no doubt. It is not, however, claimed that the plaintiff failed to furnish a certificate, nor that the magistrate, who made the certificate produced, was not nearest the place of fire, or that he was concerned in the plaintiff's loss or related to the assured. The sole claim of the defendant is, that the last certificate produced did not certify that the magistrate verily believed that the assured had, without fraud, sustained loss on the property insured *to the amount claimed by said assured.*

The plaintiff made and delivered to the defendant an account of his loss, in which he claimed that the amount of such loss was $2,200, and with this account he produced to the defendant the certificate of the nearest magistrate that he was acquainted with the character and circumstances of the assured, and having made diligent inquiry into the facts set forth in the foregoing statement, he believed and was satisfied that the assured had, without fraud, sustained by said described fire loss on the property insured *to the amount of* dollars, *the sum stated in his affidavit of loss.* While this certificate did not, perhaps, strictly comply with the provision of the policy, it was a substantial compliance with it, and sufficient. The only specific objection made to the proofs of loss furnished was, that they did not contain a particular account of such loss. This account of loss and certificate were retained by the defendant. Subsequently the plaintiff furnished an additional account of loss, which contained a detailed statement of the property destroyed, and in which he also claimed that the amount of his loss was $2,200. With that account another certificate by the same magistrate was produced, by which he certified that he had examined the circumstances attending the fire, or damage alleged, and that he was well acquainted with the character and circumstances of the assured, and verily believed that he had by misfortune, without fraud or evil practice on his part, sustained loss and damage on the property insured, amount unknown to him. The last certificate, if considered alone, was not strictly such as was required by the provisions of the policy. If the first certificate produced by the plaintiff was superseded by the last, so that the first must be wholly disregarded, and not treated as a part of the proofs of loss furnished by the plaintiff in pursuance of the

requirements of the policy, then, perhaps, the defendant's claim should be sustained. If, however, the first certificate was not superseded by the second, and is still to be treated as a part of the plaintiff's proofs of loss, then that provision in the policy was substantially complied with, and the court properly refused to grant the defendant's motion for nonsuit on that ground. Hence the real question to be determined is whether the first certificate furnished is to be still regarded as a part of the plaintiff's proofs of loss.

By an examination of the provision of the policy under consideration, it will be seen that the certificate of the magistrate does not necessarily form any part of the account of loss required. It, at most, need only refer to the amount claimed by the assured; it is a portion of the plaintiff's required proofs of loss, but may, and we think does, exist independent of the account of loss. The first certificate was received by the defendant and retained by it without objection. It sufficiently certified as to plaintiff's loss to the amount claimed by him. The amount claimed was not changed by the additional account furnished by the plaintiff. We are of the opinion that when the plaintiff produced to the defendant the first certificate of the magistrate, it was a substantial compliance with the requirements of the policy, and that the production of a second certificate, if defective, did not render the first unavailing. Moreover, we are of the opinion that as the defendant retained the account of loss and certificate first delivered, and required an additional and more particular account of loss, which was furnished, that both of the accounts of loss and both of the certificates furnished should be taken together, and be regarded as together constituting the proofs of loss furnished by the plaintiff, and that the last proofs furnished did not, in any manner, supersede or nullify the first. When considered together we think the magistrate's certificates must be regarded as a sufficient compliance with the requirements of the policy, and that the court properly so held.

If correct in these conclusions, it follows that the judgment should be affirmed.

HARDIN, P. J., concurred; MERWIN, J., not sitting.

Judgment and order affirmed, with costs